George M. Kryder
 State Bar No. 11742900
 gkryder@velaw.com
Jeremy M. Reichman
 State Bar No. 24083722
 jreichman@velaw.com
Michael C. Lee
 State Bar No. 24109461
 mlee@velaw.com
Emalee H. LaFuze
 State Bar No. 24110897
 elafuze@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700

*Attorneys for Defendants Chapman and Cutler LLP
and Catherine Rossouw*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § | CASE NO.  23-30246-MVL-7 |
| WITH PURPOSE, INC. | § § | CHAPTER 7 |
| *Debtor* | § § | |
| SCOTT M. SEIDEL, TRUSTEE, | § § | ADVERSARY NO. 25-03037-MVL |
| *Plaintiff*, | § § | |
| *v.* | § § | |
| CHAPMAN AND CUTLER LLP AND CATHERINE ROSSOUW, | § § § | |
| *Defendants*. | § § | |

**BRIEF SUPPORTING DEFENDANTS CHAPMAN AND CUTLER LLP'S AND
CATHERINE ROSSOUW'S MOTION TO COMPEL ARBITRATION
AND STAY ADVERSARY PROCEEDING**

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

## TABLE OF CONTENTS

Page

I.   BACKGROUND ...................................................................................................................5

II.  ARGUMENT AND AUTHORITIES ..........................................................................................6

   A.   The Engagement Letter Contains a Valid and Binding Arbitration
        Provision that Subjects the Trustee's Claims to Arbitration...................................6

        1.   The Arbitration Provision is Valid and Enforceable...................................7

        2.   The Trustee is Bound by the Arbitration Provision. ...................................8

        3.   The Parties Agreed that the Arbitrator(s), Not the Court, Should
             Determine the Scope of Arbitrability............................................................8

        4.   The Arbitration Provision Applies to All of the Trustee's Purported
             Claims. ..........................................................................................................9

   B.   There is No Discretion to Deny Arbitration Over State-Law Based Claims.........10

   C.   The Court Should Stay This Adversary Proceeding. ............................................12

III. CONCLUSION ...................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Arrowhead Golf Club, LLC v. Bryan Cave, LLP*,
   873 N.Y.S.2d 620 (1st Dept. 2009) ........................................................................................ 7, 8

*Big Picture Loans, LLC v. Eventide Credit Acquisitions, LLC*,
   No. 4:24-CV-00103-P, 2024 WL 3239935 (N.D. Tex. June 27, 2024) ................................... 13

*Coinbase, Inc. v. Bielski*,
   599 U.S. 736 (2023) ............................................................................................................... 13

*Elite Precision Fabricators, Inc. v. Gen. Dynamics Land Sys., Inc*.,
   No. H-14-2086, 2015 WL 9302843 (S.D. Tex. Dec. 18, 2015) ............................................... 12

*Emily's Place, Inc. v. Regions Bank*,
   No. 3:24-CV-1251-B, 2025 WL 347051 (N.D. Tex. Jan. 30, 2025) .......................................... 9

*Gallo v. Air & Liquid Sys. Corp.*,
   No. 4:23-CV-00137, 2023 WL 5108647 (S.D. Tex. July 3, 2023) .......................................... 13

*Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   885 F.2d 1149 (3d Cir. 1989) .................................................................................................. 8

*Howsam v. Dean Witter Reynolds, Inc.*,
   *537 U.S. 79 (2002)* .................................................................................................................. 7

*In re Gandy*,
   299 F.3d 489 (5th Cir. 2002) ........................................................................................... 10, 11

*In re GWG Holdings, Inc*.,
   No. 22-90032, 2025 WL 660059 (Bankr. S.D. Tex. Feb. 26, 2025) ............................. 8, 11, 12

*Kubala v. Supreme Prod. Services, Inc.*,
   830 F.3d 199 (5th Cir. 2016) .................................................................................................. 7

*Life Receivables Tr. v. Goshawk Syndicate 102 at Lloyd's*,
   888 N.Y.S.2d 458 (2009), aff'd, 14 N.Y.3d 850 (2010)............................................................ 9

*Matter of Nat'l Gypsum Co*.,
   118 F.3d 1056 (5th Cir. 1997) .......................................................................................... 10, 11

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983).................................................................................................................... 7

*Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*,
   139 F.3d 1061 (5th Cir. 1998) ............................................................................................... 10

*Seidel v. James Frinzi, et al.*,
   ADV No. 24-03039-MVL (ECF Dkt. No. 74) ................................................................*passim*

*Sherer v. Green Tree Servicing LLC*,
   548 F.3d 379 (5th Cir. 2008) .................................................................................................. 7

*Smith v. Spizzirri*,
   601 U.S. 472 (2024)........................................................................................................... 6, 12

*Thies v. Bryan Cave LLP*,
  826 N.Y.S.2d 54 (1st Dept. 2006) ............................................................................................... 8

*TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*,
  667 S.W.3d 694 (Tex. 2023), reh'g denied (June 9, 2023) ....................................................... 9

*Trefny v. Bear Stearns Sec. Corp.*,
  243 B.R. 300 (S.D. Tex. 1999) ............................................................................................... 12

*Work v. Intertek Res. Sols., Inc.*,
  102 F.4th 769 (5th Cir. 2024) ................................................................................................... 9

**Statutes**

11 U.S.C. § 502 ............................................................................................................................ 11

11 U.S.C. § 548 ...................................................................................................................... 11, 12

11 U.S.C. § 550 ...................................................................................................................... 11, 12

9 U.S.C. § 16 .............................................................................................................................. 12

9 U.S.C. § 3 ................................................................................................................................. 12

**Rules**

FED. R. BANKR. P. 7012 ................................................................................................................. 5

FED. R. CIV. P. 12(b)(6) ................................................................................................................ 5

This Adversary Proceeding must be compelled to arbitration because: (1) the Complaint alleges that Chapman breached the terms of an engagement letter which broadly requires "all disputes" "relating to" the engagement to be arbitrated in New York; (2) the parties incorporated the American Arbitration Associations' Commercial Rules requiring that the arbitrators, not the Court, decide the existence, scope, and validity of the arbitration provision, and (3) there is no discretion to deny arbitration because the Trustee's purported claims all are non-core state-law theories which the Trustee admits are based on *pre-petition* conduct.

Arbitration is a gating issue that must be decided before the parties are forced to engage in costly discovery. Thus, Chapman respectfully urges the Court to rule on this Motion before any other motion or requiring the parties to engage in discovery.[1]

## I.   BACKGROUND

1.      On February 8, 2023, With Purpose, Inc. d/b/a GloriFi, Inc. ("GloriFi") filed a voluntary petition for chapter 7 bankruptcy. (Case No. 23-30246-MVL-7; ECF Dkt. No. 1).

2.      Scott M. Seidel (the "Trustee") is the duly appointed chapter 7 trustee of GloriFi's bankruptcy estate.

3.      On March 13, 2025, the Trustee commenced this Adversary Proceeding by filing the Trustee's Original Complaint (the "Complaint") (ECF Dkt. No. 1) asserting six counts against Chapman and Cutler LLP and Catherine Rossouw (collectively, "Chapman").

4.      Chapman previously represented GloriFi pre-petition under the terms of a February 4, 2022 engagement letter between the firm and GloriFi (the "Engagement Letter"). *See* Appendix

---

[1] Chapman is concurrently filing a Motion to Withdraw the Reference and Supporting Brief and a Motion to Dismiss Trustee's Original Complaint Subject to Motion to Compel Arbitration under FED. R. CIV. P. 12(b)(6), made applicable by FED. R. BANKR. P. 7012. This Motion is subject to the arguments made in those concurrent motions. By referencing the Trustee's allegations for purposes of this Motion, Chapman does not accede to or agree to the truth of the allegations or that they properly state a claim against Chapman.

Supporting Defendants Chapman and Cutler LLP's and Catherine Rossouw's Motion to Compel Arbitration and Stay Adversary Proceeding ("App.") pp. 3-9 (Ex. 1 - Engagement Letter). The Engagement Letter contains a binding arbitration clause stating ***"[a]ll other claims arising out of or relating to*** this Agreement, or the breach thereof, shall be settled by arbitration in New York, New York in accordance with the Commercial Arbitration Rules of the American Arbitration Association. . . ." (the "Arbitration Provision") (emphasis added). *Id.* p. 6.

5.      The Complaint specifically alleges that Chapman "breached the terms of its own engagement agreement [referring to the Engagement Letter] . . . in a manner directly adverse to, and against, its own client GloriFi." *See* Compl., ¶ 24.

## II.      ARGUMENT AND AUTHORITIES

The Trustee's purported claims all "aris[e] out of or relat[e] to [the Engagement Letter], or the breach thereof" and are subject to the Engagement Letter's valid and enforceable Arbitration Provision because: (1) a valid agreement to arbitrate exists, (2) the Trustee's purported claims arise out of and relate to the Engagement Letter, and (3) there is no statute or policy rendering the Trustee's claims nonarbitrable. *See* App. p. 6 (Ex. 1 - Engagement Letter).  Chapman respectfully moves the Court to compel to arbitration all purported claims and stay this Adversary Proceeding pending the completion of arbitration.

### A.      The Engagement Letter Contains a Valid and Binding Arbitration Provision that Subjects the Trustee's Claims to Arbitration.

"The Federal Arbitration Act (FAA) sets forth procedures for enforcing arbitration agreements in federal court." *Smith v. Spizzirri*, 601 U.S. 472, 473 (2024). As this Court explained in its Order Granting in Part Motion to Compel Arbitration and Abate Proceeding Pending Completion of Arbitration, in *Seidel v. James Frinzi*, *et al.*, ADV No. 24-03039-MVL (ECF Dkt. No. 74, p. 4), "[t]he Supreme Court has established that there is a strong and liberal federal policy

favoring the enforcement of arbitration agreements." (citing *Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002)* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).[2]

The Fifth Circuit has held that two threshold questions should be answered when considering a motion to compel arbitration: (1) whether the arbitration agreement is valid, and (2) whether the dispute falls within the agreement's scope. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). "If so, we then ask if 'any federal statute or policy renders the claims nonarbitrable.'" *Id.* (internal citations omitted).

### 1.    The Arbitration Provision is Valid and Enforceable.

The validity of the Arbitration Provision turns on state contract law. *See Kubala v. Supreme Prod. Services, Inc.*, 830 F.3d 199, 202 (5th Cir. 2016) ("Whether [the parties] entered a valid arbitration contract turns on state contract law."). Here, the Engagement Letter "is governed by the laws of the State of New York." App. p. 6 (Ex. 1 - Engagement Letter).

Trustee's allegations and purported claims are expressly predicated on Chapman's alleged breach of the duties owed under the Engagement Letter which signals the Trustee's acceptance of the validity of the Engagement Letter. *See* Compl., ¶ 24 ("Chapman Cutler intentionally disregarded and breached the terms of its own engagement agreement. . . ."); *see also Arrowhead Golf Club, LLC v. Bryan Cave, LLP*, 873 N.Y.S.2d 620, 621 (1st Dept. 2009) ("Plaintiff's adoption of [the retainer] agreements as the basis for its claims signaled its intention to put this dispute to arbitration.").

The Engagement Letter is signed by Catherine Rossouw on the firm's behalf and by Stephen Curry on behalf of GloriFi, and reflects both the scope of Chapman's engagement and the

---

[2] The *Frinzi* adversary proceeding is part of the chapter 7 bankruptcy, captioned *In re Goodman Networks, Inc.,* 22-31641-MVL7 (the "*Goodman Networks* Bankruptcy").

terms under which Chapman agreed to provide legal services to GloriFi, including the express

Arbitration Provision. Under New York law, the Arbitration Provision is valid, and the Trustee

cannot reasonably challenge GloriFi's agreement to arbitrate all disputes "arising out of or relating

to this Agreement, or the breach thereof." App. p. 6 (Ex. 1 - Engagement Letter); *Thies v. Bryan*

*Cave LLP*, 826 N.Y.S.2d 54, 54-55 (1st Dept. 2006) (finding arbitration provision in law firm's

engagement letter enforceable under New York law); *see Arrowhead Golf Club, LLC*, 873

N.Y.S.2d 620 at 621 (same).

### 2.      The Trustee is Bound by the Arbitration Provision.

As Chapter 7 Trustee, Seidel stepped into GloriFi's shoes and cannot dispute that he is

bound to the Engagement Letter and Arbitration Provision to the same extent as GloriFi. *See In re*

*GWG Holdings, Inc.*, No. 22-90032, 2025 WL 660059, at *4 (Bankr. S.D. Tex. Feb. 26, 2025)

(Isgur, J.) ("A bankruptcy trustee stands in the shoes of a debtor for purposes of an arbitration

clause and is bound by the clause to the same extent as a debtor."); *Hays & Co. v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1153 (3d Cir. 1989) ("We hold that the trustee-

plaintiff stands in the shoes of the debtor for the purposes of the arbitration clause and that the

trustee-plaintiff is bound by the clause to the same extent as would the debtor.").

### 3.      The Parties Agreed that the Arbitrator(s), Not the Court, Should Determine the Scope of Arbitrability.

The Engagement Letter provides that any dispute "shall be settled by arbitration in New

York, New York in accordance with the Commercial Arbitration Rules of the American

Arbitration Association. . . ." App. p. 6 (Ex. 1 - Engagement Letter). Rule 7 of the AAA's

Commercial Arbitration Rules states:

> The ***arbitrator shall have the power to rule on his or her own***
> ***jurisdiction***, including any objections with respect to the existence,
> ***scope***, or validity of the arbitration agreement or to the arbitrability

of any claim or counterclaim, without any need to refer such matters
first to a court.

App. p. 11 (Ex. 2 – AAA's Commercial Arbitration Rules (Excerpt)) (emphasis
added).

Thus, any dispute regarding the arbitrability of the Trustee's purported claims must be decided by the arbitrator. *Work v. Intertek Res. Sols., Inc*., 102 F.4th 769, 772 (5th Cir. 2024) (finding that the parties' incorporation of the JAMS Rules constituted a "'clear and unmistakable' . . . incorporation of the JAMS Rules, which provide that the arbitrator decides the question of arbitrability."); *see also TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC,* 667 S.W.3d 694, 708 (Tex. 2023), reh'g denied (June 9, 2023) ("We agree with the vast majority of courts that, as a general rule, an agreement to arbitrate in accordance with the AAA or similar rules constitutes a clear and unmistakable agreement that the arbitrator must decide whether the parties' disputes must be resolved through arbitration."); *Life Receivables Tr. v. Goshawk Syndicate 102 at Lloyd's*, 888 N.Y.S.2d 458, 459 (2009), aff'd, 14 N.Y.3d 850 (2010) ("[W]hen the parties' agreement specifically incorporates by reference the AAA rules, which provide that '[t]he tribunal shall have the power to rule on its own jurisdiction, including objections with respect to the existence, scope or validity of the arbitration agreement,' and employs language referring 'all disputes' to arbitration, courts will 'leave the question of arbitrability to the arbitrators.'") (internal citations omitted).

### 4. The Arbitration Provision Applies to All of the Trustee's Purported Claims.

The Trustee's purported claims all fall within the broad scope of the Arbitration Provision which applies to "*[a]ll . . . claims arising out of or relating* to this Agreement." App. p. 6 (Ex. 1 - Engagement Letter) (emphasis added); *see Emily's Place, Inc. v. Regions Bank*, No. 3:24-CV-1251-B, 2025 WL 347051, at *4 (N.D. Tex. Jan. 30, 2025) (Boyle, J.) ("An arbitration clause is

'broad' when it contains 'relating to' language."). The Fifth Circuit has held that when an arbitration clause contains "relating to" language "it is not necessary that the dispute arise out of the [contract] to be arbitrable—but only that the dispute 'relate to' or be 'connected with' the [contract]. With such a broad arbitration clause, it is only necessary that the dispute 'touch' matters covered by the [contract] to be arbitrable." *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1068 (5th Cir. 1998) (internal citations omitted).

The Trustee's allegations stem from Chapman's purported breach of its duties owed to GloriFi that arise from and relate to the Engagement Letter – which the Trustee expressly invokes. Specifically, the Trustee alleges that Chapman's representation of GloriFi and Toby Neugebauer concurrently – not jointly – caused Chapman to breach duties owed to GloriFi that arose under the Engagement Letter. *See* Compl., ¶ 24. Because the Trustee's purported claims arise from Chapman's alleged breach of duties to GloriFi under the Engagement Letter and "[a]ll other claims arising out of or relating to this [Engagement Letter], or the breach thereof, shall be settled by arbitration," the Trustee's claims must be arbitrated. *See* App. p. 6 (Ex. 1 - Engagement Letter).

### B.      There is No Discretion to Deny Arbitration Over State-Law Based Claims.

The Fifth Circuit has held repeatedly that a bankruptcy court's discretion to enforce a valid and binding arbitration clause "turns on the underlying nature of the proceeding, *i.e.*, whether the proceeding derives exclusively from the provisions of the Bankruptcy Code and, if so, whether arbitration of the proceeding would conflict with the purposes of the Code." *Matter of Nat'l Gypsum Co*., 118 F.3d 1056, 1067 (5th Cir. 1997). Expanding on this point, the Fifth Circuit found "that a bankruptcy court has ***no discretion*** to refuse to compel the arbitration of matters not involving 'core' bankruptcy proceedings . . . ." *In re Gandy*, 299 F.3d 489, 495 (5th Cir. 2002) (emphasis added) (citing *Matter of Nat'l Gypsum Co.*, 118 F.3d at 1067).

Under *Gandy* and *Gypsum*, the Court has no discretion regarding enforcement of the Arbitration Provision. The Trustee's purported six causes of action arise exclusively from ***pre-petition conduct*** and are not derived exclusively from the provisions of the Bankruptcy Code. Because these claims all originate entirely from actions that took place long before a petition was filed in this Court, even the causes of action that traditionally sound in bankruptcy (*i.e.*, fraudulent transfer and disallowance) must be compelled to arbitration.

More specifically, Count 1 (legal malpractice), Count 2 (breach of fiduciary duty), and Count 4 (TUFTA fraudulent transfer) are state-law derived claims based on pre-petition conduct that indisputably are not derived exclusively from provisions of the Bankruptcy Code. *See Seidel v. James Frinzi, et al.*, ADV No. 24-03039-MVL (ECF Dkt. No. 74, p 7-8) ("This case does not present 'core' bankruptcy causes of action that would trigger the Court's discretion to deny the otherwise valid Arbitration Clause . . . [because] the causes of action forming the basis of the Complaint are state law-derived breach of fiduciary duty claims.").

The Court likewise does not have discretion regarding the arbitrability of Count 3 (Fraudulent Transfer under 11 U.S.C. § 548), Count 5 (Voidable Transfer under 11 U.S.C. § 550) and Count 6 (Disallowance of Claim under 11 U.S.C. § 502) because "[t]he underlying allegations [for those claims] are based on ***prepetition rights*** rather than 'entirely from federal rights conferred by the Bankruptcy Court.'" *In re GWG Holdings, Inc.*, 2025 WL 660059, at *5 (emphasis added) (internal citation omitted). Counts 3, 5, and 6 all center on the alleged ***pre-petition*** transfer of payments to Chapman in exchange for ***pre-petition*** legal services. *See* Compl., ¶¶ 66, 74, 77.

Judge Isgur's findings in *GWG Holdings* are instructive here. There, as here, the trustee asserted a fraudulent-transfer claim against a law firm whose engagement letter had an arbitration provision. *In re GWG Holdings, Inc.*, 2025 WL 660059, at *1. Judge Isgur held that the fraudulent-transfer claim was "premised exclusively on prepetition conduct and relies on the same factual

basis as the Trustee's state law claims for relief" and therefore did not derive from the Bankruptcy Code. *Id.* at \*5; *see also Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300, 325 (S.D. Tex. 1999) (ordering to arbitration all claims, including a fraudulent-transfer claim under § 548 because the plaintiff's "claims against [defendant] arose prepetition and could have been asserted prepetition.").

The same holds true for the Trustee's alleged claims under 11 U.S.C. § 550. *Elite Precision Fabricators, Inc. v. Gen. Dynamics Land Sys., Inc.*, No. H-14-2086, 2015 WL 9302843, at \*8 (S.D. Tex. Dec. 18, 2015) ("Even analyzed as 'core' for these purposes, Elite's [§§ 548 and 550] claims fail the first prong of *National Gypsum* because they derive from Elite's ***pre-petition legal rights*** rather than entirely from federal rights conferred by the Bankruptcy Code.") (emphasis added).

Thus, the Court does not have discretion to deny arbitration of any of the Trustee's claims because they either are state law claims or bankruptcy claims "premised exclusively on prepetition conduct [that] rel[y] on the same factual basis as the [Trustee's] state law claims for relief." *In re GWG Holdings, Inc.*, 2025 WL 660059, at \*5.

###    C.    The Court Should Stay This Adversary Proceeding.

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith*, 601 U.S. at 478. As this Court found in the *Goodman Networks* Bankruptcy, there is "no justification for the Court to set aside the FAA's explicit language in § 3, mandating the stay of proceedings where a court finds a particular issue is 'referable to arbitration.'" *See Seidel v. James Frinzi, et al.*, ADV No. 24-03039-MVL (ECF Dkt. No. 74, p. 8) (citing 9 U.S.C. § 3).

Thus, because the Trustee's claims are subject to arbitration, a stay is warranted during the pendency of the arbitration proceedings.

Moreover, if the Court denies this Motion, Chapman respectfully intends to exercise its statutory right to an interlocutory appeal under FAA § 16, and this proceeding must be stayed while the appeal is pending. *See id.* ("The Court firmly believes [that] denial of the Motion does not further the resolution of this case or the Debtor's bankruptcy case, because if appealed, it would necessitate a stay of the entirety of the Trustee's Complaint, given the Defendants' rights to an interlocutory appeal under § 16 of the FAA."); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023) ("When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal . . . [and] [t]he district court must stay its proceedings.") (internal citation omitted); *Big Picture Loans, LLC v. Eventide Credit Acquisitions, LLC*, No. 4:24-CV-00103-P, 2024 WL 3239935, at *3 (N.D. Tex. June 27, 2024) (Pittman, J.) (citing *Coinbase* and finding adversary proceeding must be stayed pending appeal of the denial of a motion to compel arbitration).

As argued at the April 10, 2025 hearing, Chapman respectfully requests that the Court rule on the Motion before any other dispositive motions in this proceeding. Arbitration is a gating issue and all discovery must be stayed pending this Court's ruling. *Gallo v. Air & Liquid Sys. Corp.*, No. 4:23-CV-00137, 2023 WL 5108647, at *1 (S.D. Tex. July 3, 2023) ("[Defendant] has a valid point that forcing [the defendant] to engage in the discovery process before this Court has decided whether arbitration is appropriate would defeat one of the fundamental purposes of arbitration— avoiding substantial expenditures on exhaustive discovery.").

### III.    CONCLUSION

Chapman respectfully urges the Court to: (1) grant Chapman and Cutler LLP's and Catherine Rossouw's Motion to Compel Arbitration and Stay Adversary Proceeding; (2) refer this entire dispute to arbitration in accordance with the terms of the Engagement Letter; (3) stay this

Adversary Proceeding pending the completion of arbitration; and (4) grant Chapman such other

and further relief as may be appropriate.

Respectfully submitted,

*/s/ George M. Kryder*

George M. Kryder
  State Bar No. 11742900
  gkryder@velaw.com
Jeremy M. Reichman
   State Bar No. 24083722
   jreichman@velaw.com
Michael C. Lee
   State Bar No. 24109461
   mlee@velaw.com
Emalee H. LaFuze
  State Bar No. 24110897
  elafuze@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas  75201
Telephone: (214) 220-7700

*Attorneys for Defendants Chapman and Cutler LLP
and Catherine Rossouw*

## CERTIFICATE OF SERVICE

I certify that on April 28, 2025, a true and correct copy of the foregoing instrument was
served on all counsel of record using the Court's electronic filing system.

*/s/ George M. Kryder*

George M. Kryder